# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00619-CR

**Stephen Clifton Wallace, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. 649520, HONORABLE DAVID F. CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stephen Clifton Wallace pleaded no contest to an information accusing him of using a forged or altered prescription to obtain a dangerous drug. *See* Tex. Health & Safety Code Ann. § 483.045 (West 2003). The court adjudged appellant guilty and sentenced him to 180 days in jail and a $2000 fine, but the court suspended imposition of sentence and placed appellant on community supervision.

In his only point of error, appellant contends that his plea was involuntary because he was not advised of the consequences this conviction could have in other prosecutions said to be pending against him. None of the facts relied on in support of this claim are shown by the record. The record does contain documents reflecting that appellant was represented by counsel, advised of

the consequences of a plea of guilty or no contest, and "aware of the consequences of my plea."[1] Moreover, the only adverse consequence specifically mentioned in appellant's brief, the impeaching effect of this conviction should appellant testify in a later proceeding, is a collateral consequence, ignorance of which does not render a guilty plea involuntary.  *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); *see also Jackson v. State*, 139 S.W.3d 7, 17 (Tex. App.—Fort Worth 2004, pet. ref'd).

The point of error is overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   September 22, 2005

Do Not Publish

---

[1]  There is no reporter's record, except for the record of a hearing ordered by this Court after appellate counsel failed to file a brief.  *See* Tex. R. App. P. 38.8(b).